BABB v. PATTERSON et al. (No. 8687.)

(Court of Civil Appeals of Texas. Dallas. June 3, 1922. Rehearing Denied June 24, 1922.)

1. Trial ⟨⟩351(5)—Court held to have affirmatively submitted requested issue.

Where court submitted in general charge question, Did defendant take an "option on the 405 acres of land called the Prince land, and buy the personal property and crops thereon situated for the joint benefit" of the firm composed of plaintiff and defendant, and take title thereto in his name for the benefit of the firm? it properly refused to submit special issues, "Was the Prince transaction, including the personal property, a partnership transaction between" the plaintiff and defendant? and "Was the personal property bought from Prince owned in partnership by" plaintiff and defendant?

2. Partnership ⟨⟩53—Evidence held to sustain finding that partnership did not exist as to transaction involved.

In an action by one partner against another for an accounting, evidence held ample to sustain a finding that a partnership did not exist as to a transaction involved and that plaintiff was not entitled to share in profits.

3. Appeal and error ⟨⟩994(2), 995—Jurors exclusive judges of the facts proven and credibility of witnesses and weight of testimony.

In an action for a partnership accounting, the jurors trying the case were the exclusive

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

judges of the facts proven, the credibility of the witnesses, and the weight to be given their testimony.

**4. Partnership  ⊕⊸327(6)—Pleading held to warrant settlement of all partnership transactions.**

Where purpose of suit was to have a complete accounting and settlement between partners, the trial court had authority, under specific allegations and prayer for general and special relief, to determine all matters between the parties, and to adjudicate and finally determine all partnership transactions and ·to permit the introduction of evidence bearing upon all transactions, and not only specified transactions.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by W. A. Babb against J. H. Patterson and others. From a judgment for partial relief, plaintiff appeals. Affirmed.

Nash & Lovett ·and Richard May, all of Corsicana, for appellant.

Callicutt & Johnson, of Corsicana, for appellees.

VAUGHAN, J. This was a suit for partnership settlement between appellant and J. H. Patterson, appellee. Appellant, who was plaintiff below, filed his original petition on March 25, 1920, alleging that, during the month of August, 1919, appellant and appellee Patterson entered into a contract for the purpose of buying and selling real estate; that thereafter they entered into an agreement whereby they agreed to purchase from D. P. Prince a farm of 405 acres of land in Navarro county, Tex., and later sold the land to J. E. Farmer; that, as a result of their sale and partnership, appellant and appellee Patterson jointly owned the personal property described in said petition.

Appellees Ernest Prince and J. E. Farmer were made parties defendant as debtors to said partnership.

Appellant further alleged that all of the property, notes, etc., sued for were in the possession of appellee Patterson, who denied that appellant was entitled to any interest therein. Appellee Patterson answered, denying any general partnership, claiming that he and appellant acted as agents in buying certain real estate and in selling the same, and that, as to these matters, a settlement was made.

Appellee further alleged that he himself purchased the 405 acres of land from D. P. Prince, together with all of the farm implements, mules, wagons, and other personal property thereon situated and used in connection therewith for the sum of $81,000, and that said purchase was a straight purchase by and for himself, with the purchase of which appellant had nothing to do; and that said transaction was in no way connected with whatever business they had together of selling and buying land for other persons on a commission basis; that the only interest appellant had in said transaction was a sale which was afterwards made by appellee to J. E. Farmer, of the 405 acres of land; that whatever appellant had to do therewith was in assisting in the sale of said property to J. E. Farmer; and that appellant was in no way interested in the profits which were realized from the sale of this property; and that the only interest which he had therein was in the 5 per cent. commission of the purchase price for which said land was sold by Babb & Patterson, as the property of appellee Patterson to said Farmer.

The trial resulted in judgment in favor of appellant against appellee Patterson for the sum of $50, with 6 per cent. interest and costs of suit, and in favor of said appellant against appellee J. E. Farmer for $50 with 6 per cent. interest and costs of suit; from which judgment this appeal is prosecuted.

The case was submitted to the jury upon 22 special issues of fact, of which it is only necessary to discuss No. 1 and the answer thereto, as by same the controlling issue in the case was submitted.

Appellant's cause of action was based upon his claim to one-half of the profits arising from and growing out of the transaction involving the purchase and sale of the Prince property, appellant contending that same was a partnership transaction between himself and appellee Patterson and therefore he was entitled to one-half of all profits derived from the purchase and resale of same. Appellee Patterson contested with appellant his alleged cause of action, as per the abridged statement of his pleadings above set out.

Special issue No. 1, submitted by the court in the general charge, was as follows: "Did J. H. Patterson take an option on the 405 acres of land called the Prince land, and buy the personal property and crops thereon situated for the joint benefit of the firm of Babb & Patterson, and take the title thereto in the name of J. H. Patterson for the benefit of said firm?" To which the jury answered, "No."

[1] Appellant contends that the trial court failed to affirmatively submit, as a special issue, the controlling issue in the case, and that therefore special issue No. 2, to wit, "Was the Prince transaction, including the personal property, a partnership transaction between Patterson and Babb?" and special issue No. 3, to wit, "Was the personal property bought from Prince owned in partnership by Babb & Patterson?" requested by him, should have been submitted to the

jury. This contention cannot be sustained, as special issue No. 1 submitted by the court, supra, accurately and ·clearly submitted to the jury all of the issues of fact included in said special issues Nos. 2 and 3 in a way which gave to appellant the full benefit of his contention as made before the court and jury.

If the option on the 405 acres of land was acquired for the joint benefit of the firm of Babb & Patterson, and the personal property and crops thereon situated purchased by appellee for the joint benefit of said firm, said transactions would have been between Patterson and Babb, and the personal property would have been owned by said copartnership.

[2] The objection to the language submitting said special issue to the jury is, in our opinion, hypercritical. Appellant contends that the answer of the jury to said special issue No. 1 is without evidence to support it. This contention cannot be sustained, as the following facts established by the evidence were not only sufficient to require the court to submit said issue, but ample to sustain the answer made by the jury thereto, to wit: D. P. Prince, on the 15th day of September, 1919, executed a written transfer to appellee Patterson, by which said Prince conveyed by bill of sale to said appellee 9 mules, 4 cows, 2 calves, 21 hogs, 15 pigs, a binder, and all farming implements situated on the 405 acres of land, together with the cotton and corn crops thereon growing, and the oats and wheat situated on said land, for $8,400, $2,976.50 cash and appellee's note for $5,423.50, payable to Prince. On the same day Patterson executed and delivered to Prince his note for $5,423.50 due January 15, 1920, and, to secure the payment of said note, on the same day executed a mortgage to Prince upon all of said personal property sold by Prince to Patterson.

On the 15th day of September, 1919, Prince executed a written instrument to appellee Patterson by which there was secured to appellee Patterson an option to purchase said 405 acres of land for $72,600, net to Prince, and by which Patterson was to pay as much as $15,000 in cash and assume $14,000 secured by liens against said 405 acres of land the remainder of the consideration to be paid for said land to be evidenced by said Patterson's notes of not less than $5,000 each. In said transaction it was further contracted between Prince and appellee Patterson that, in the event Patterson did not become the purchaser of said 405 acres of land as per the terms of the contract between them, then Patterson should become the tenant of Prince as to said 405 acres of land for the year 1920. There was evidence to the effect that the real estate firm of Babb & Patterson had nothing to do with said transaction; that said Babb did not desire to enter into the purchase of any of this property with Patterson, but that it was an individual undertaking of Patterson's and continued throughout, until Farmer became the purchaser of said 405 acres for the price of $81,000; that Patterson unconditionally purchased the mules, wagons, cows, farming implements, crops and other personal property involved in this suit as his own property, and that he also acquired an option to purchase the 405 acres of land as his own property from Prince, at a price of $72,000, and that the only interest appellant Babb had was in the commission on the sale of said real estate to Farmer, which was sold to him for $81,000, and that $4,050 was a reasonable commission for such sale; that appellant had received his part of said commission, to wit, $2,025.

[3] The jurors trying the case were the exclusive judges of the facts proven, the credibility of the witnesses, and the weight to be given their testimony, and acted strictly within their prerogative in resolving the issue in favor of appellee Patterson, and it is not for this .court to nullify the verdict of the jury because there was other evidence which would have supported a different finding. This conclusion requires the overruling of appellant's several assignments of error.

Appellee Patterson, by cross-assignment, complains of the rendition of judgment against him for the sum of $50, on the ground that there was no pleading on the part of appellant authorizing the verdict of the jury finding that there was due by appellee to appellant the sum of $50, by virtue of the transaction in which the J. C. West home was sold to D. Ray.

[4] Appellant's cause of action was based upon a partnership alleged to have existed between appellant and appellee Patterson, out of which all of the specified transactions involved arose. Appellant alleged that there were many other transactions, the details of which could not be set forth for the want of information in reference thereto, but sought a general accounting and settlement as to all matters for the purpose of adjusting all rights, claims, and demands between appellant and appellee Patterson, growing out of said copartnership. The proof established the partnership, that the transaction involving the sale of the West property to Ray was one of said partnership. Therefore, the trial court had authority, under the specific allegations and prayer for general and special relief, to determine all matters between appellant and appellee as partners necessary to adjudicate and finally determine all partnership transactions. The pleadings were sufficient for the purpose of admitting the introduction of evidence bearing upon all transactions pertaining to, or interrelated with the business conducted by such partnership, as the purpose of the suit was to have a complete accounting and set-

tlement between appellant and appellee Patterson as copartners, which necessarily involved, not only the transactions specifically alleged, but the one objected to, which, being of a like nature, had to be taken into consideration in order that a full and complete settlement and accounting might be had.

We find appellees' second cross-assignment of error without merit, and same is overruled.

Not finding any material error disclosed by the record, the judgment of the trial court is in all things affirmed.

Affirmed.