## WICHITA VALLEY RY. CO. v. HELMS.
### (No. 1575.)

(Court of Civil Appeals of Texas. El Paso. April 10, 1924.)

**1. Carriers ⬅➡246—Where conductor testified that plaintiff was a passenger, not material that there was no evidence as to having ticket or paying fare.**

Where conductor testified plaintiff was a passenger, the fact that there was no evidence she had ticket, nor paid fare, nor was able and willing to pay, was immaterial as affecting a contention that there was no proof that she was a passenger, it being presumed from her riding between stations that she paid fare.

**2. Carriers ⬅➡318(1)—In suit for injury in stumbling over baggage, evidence held not to establish carrier's negligence.**

In passenger's action for injury by stumbling over baggage in the aisle and cutting her leg on a nail or screw protruding from a seat, evidence *held* not to establish carrier's alleged negligence in respect thereto.

**3. Negligence ⬅➡121(2)—Res ipsa loquitur not invoked where case rests on specific acts of negligence.**

Doctrine of res ipsa loquitur cannot be invoked where plaintiff rests case on specific acts of negligence.

**4. Carriers ⬅➡318(1)—Not sufficient to show carrier may have been negligent as to passenger, but evidence must point out that it was.**

In a suit for injury to a passenger, it is not sufficient to show the carrier may have been guilty of negligence, but the evidence must point out that it was.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by Violet Helms against the Wichita Valley Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Kirby, King & Overshiner, of Abilene, for appellant.

Ben L. Cox, of Abilene, and Smith & Grissom, of Haskell, for appellee.

HARPER, C. J. Violet Helms, appellee, sued appellant, Wichita Valley Railway Company, for the recovery of $8,500 damages alleged to have been sustained by her as the result of alleged negligence of appellant, occasioned by an accident to plaintiff at Seymour, Tex., in which she alleges she received injuries to her leg and knee.

Her petition alleged that defendant owned and operated a line of railway that passed through Seymour, Tex., and other points, and that she was a passenger on one of the passenger trains of said railway company on the date of the injury, August 12, 1921, and that when the train stopped for the station at Seymour, she, in attempting to get off said train, just as she got up out of her seat, and that as she was making her way down the aisle of the car in which she was riding, she stumbled over some grips and baggage that had been accumulated in the coach in which she was riding and that she was thrown violently to the floor of said coach and that in falling, or before she fell, or at about the time she fell, she sustained serious and permanent injuries by having her right leg below the knee seriously cut and maimed and injured either upon a nail, a screw, or some other sharp instrument protruding from one of the seats of said car. She alleged that her injuries were caused by the negligence of the defendant in the following respects: That defendant did not properly inspect the coach; and in not exercising that high degree of care that it owed her as a passenger; that defendant was negligent in permitting suit cases and grips and baggage to accumulate in the aisle so that passengers would stumble over them and fall and receive injuries; that defendant was negligent in permitting the coach in which plaintiff was riding to be used while in a defective condition in that it had a nail or screw or some other sharp instrument protruding from one of the seats so that passengers might be injured thereon; and alleged all of the grounds of negligence to be the proximate cause of the injuries sustained by her.

Defendant railway company answered by general demurrer, general denial, and pleaded that defendant was not guilty of negligence in any respect; that plaintiff could see the crowded condition of the railway coach, if it was crowded; that she could and did see the grips and baggage in the aisle of defendant's coach, if there were any grips and baggage there, and that if the injury was inflicted as alleged then plaintiff was guilty of contributory negligence barring her recovery in attempting to force her way out of the coach through the crowds on the train, and in attempting to step over the suit cases in the aisle instead of lifting them and moving them out of her way or asking some one else to do so for her, and in not waiting for the crowd to detrain sufficiently to allow her to pass from her seat into the aisle without having to step over said suit cases; and that, if she had used ordinary care for her own safety in alighting and in making her way through the coach, she would not have been injured. A trial was had before a jury, the case submitted on a general charge, and resulted in a verdict and judgment for plaintiff for $500. Appealed.

[1] The first assignment is that there is no proof that appellee was a passenger on the train at the time of the injury. The conductor testified that she was a passenger. The fact that there was no evidence that she had a ticket, nor that she

paid her fare, nor that she was able and willing to pay, would make no difference, for it may be presumed from the fact that she rode on the train from Wichita Falls to Seymour, Tex., that she had paid her fare. Ft. W. & D. C. Ry. Co. v. Brown (Tex. Civ. App.) 205 S. W. 378.

[2] Appellant then urges that the court erred in failing to peremptorily instruct for defendant, for the reason that the evidence fails to establish either of the negligent acts charged to be the direct and proximate cause of the injury.

The first act of negligence relied upon is that the coach in which appellee was riding was old and that, as a consequence of failure to properly inspect it, a nail, a screw, or other sharp instrument was permitted to protrude from the side of the seat upon which she was sitting and that upon rising to leave the coach at her destination she stumbled over some grips and baggage and that in falling or before she fell or about the time she fell she cut her knee upon such sharp instrument.

There is no question that she suffered the injury, but does the evidence show, by that degree of certainty required to sustain the verdict in her favor, that it was attributable to the negligence of the company charged?

There is no evidence of what instrument cut appellee's leg. She testified on direct examination:

"I started to get off; there was a great crowd on the train, and I could not see before me, and I struck the side of the seat and fell into the aisle. I suppose I struck the side of a nail or a tack or something because it cut my leg open. * * * Whatever it was cut my knee would have been on the right side of me. The coach was headed in the direction I was going and the thing that cut my leg was sticking out of the seat in the aisle. * * * I did not go back to see whether it was a nail or a screw or whatever it was."

On cross-examination she testified. After testifying about falling over a suit case, she proceeded as follows:

"I hit my foot on the suit case or on the side of the seat; I struck the side of the seat when I cut my leg, I know, because the suit case did not have a sharp edge on it. I also struck the side of the seat with my knee. I do not know whether I cut my leg before I hit the suit case or hit the suit case before I cut my leg. It was cut when I got up. I know my leg was cut against the seat. I did not go back to examine that seat to see what it was * * * whether or not there was a nail or screw or a piece of metal in it. I said I thought it was a screw or nail or metal in the inside of the seat, sticking out of the seat on the inside of the seat."

There is no evidence of negligence upon the part of the defendant in this testimony. She does not know what object cut her leg; for all this record disclosed it was no part of the construction of seat, and if it was in or projecting from the seat there is no evidence that the company was negligent in failing to find and remove it, for it may have been placed there after the last inspection and immediately prior to the accident, for the car cleaner and the car inspector testified that it was not there when the coach started on its journey, and several persons went to the seat immediately after the accident and all failed to find any object protruding from it; besides the evidence is that the seat is so constructed that no nails or tacks were in the sides of the seat, as described by the plaintiff. Neither the plaintiff nor any one else saw any such object, as charged, in the seat, and the most that plaintiff testifies, when traced to its final analysis, is that because her leg struck the seat as she passed out from between them or when she stumbled over the valise and fell—that because her leg was cut—she knows that it was cut on some sharp object in the seat. This does not necessarily follow by any means, but if it could so be concluded this does not prove negligence upon the part of the company.

In brief, there is nothing in this whole record upon which is found the conclusion that the appellant was guilty of negligence in this respect except the isolated fact that she fell over a grip and struck her leg against the side of the seat and that her leg was cut. What cut her is left in conjecture and surmise, and likewise the responsibility upon the company for its being there at the time. Gulf C. & S. F. Ry. Co. v. Davis (Tex. Civ. App.) 161 S. W. 932.

The next act of negligence charged is that suit cases had been permitted to accumulate in the aisle of the coach so that passengers in attempting to alight would stumble over the same and receive injuries and that she did fall over them and bruise and injure her knee.

All the evidence as to suit cases is from the appellee, as follows:

"I saw this baggage and these suit cases in the aisle before this accident, but when we got up to move I did not notice them because everybody was getting out. * * * When I fell to my knees I got on the opposite side of the aisle. Relative to how far I fell from the side from which I emerged, I stumbled over the suit cases and fell on my knees. With regard to where the suit case was setting, the corner stuck out about half way between the fellow across the aisle. The suit case was setting up and down the aisle, lengthwise. I suppose a suit case is about 9 inches thick and about 24 to 36 inches long. That suit case was about that way. It was setting in the aisle, up against the ends of the seats, and a party was sitting on the same side that I was on. I came out of the aisle to my left from the seat and started south.

"As to it being a fact that immediately I stepped in the aisle I ran over the suit case, I did not get to the aisle. When I stepped I fell. The suit case came back across the

opening where I was sitting; across here (indicating), and protruded out this way as I came out. I had never gotten out from between the seats when I stumbled. I did not see the suit case there. I know it was there from looking back when I fell. I know when I fell. I did not see it until I fell. With reference to the suit case being in the same position when I fell as before I fell; it fell and then rolled back. It was knocked over, and it came back. It was setting up on its edge this way (indicating). When I hit this part of it (indicating), why I knocked it over. As to that being the right position, and then it set back up, I pushed it down and back, and when I fell back I reckon I pushed it back up. When I saw it, anyway, it was setting up.

"Answering I hit my foot on the suit case or on the side of the seat, I struck the side of the seat when I cut my leg, I know, because the suit case did not have a sharp edge on it. I also struck the side of the seat with my knee. I do not know whether I cut my leg before I hit the suit case or hit the suit case before I cut my leg. It was cut when I got up. I know my leg was cut against the seat."

It will be noted that she testifies that she fell before she reached the aisle where the suit case was sitting, so it was not in anywise the cause of her fall, even if it could be held to be negligence for the company's employees to permit it to be there. And it could not be negligence to permit one suit case, of the size this one is described to be, to be and remain in the aisle of the coach; especially is this so in view of the fact that record is silent as to when it was placed there. Pitcher v. Old Colony S. Ry. Co., 196 Mass. 69, 81 N. E. 876, 13 L. R. A. (N. S.) p. 481, 124 Am. St. Rep. 513, 12 Ann. Cas. 886.

[3] Appellee suggests that the principle of law known as res ipsa loquitur applies, but it has no application here. The cause of the fall, injury to the knee, and the presence of the object which cut the leg, and the negligence of the company in the respects alleged are not shown with any degree of certainty. Besides this principle cannot be invoked where, as in this case, the plaintiff rests his case upon specific acts of negligence for the burden is upon him to prove the exact acts of negligence charged to be the cause of the accident and injury. Cecil & Co. v. Stamford (Tex. Civ. App.) 242 S. W. 538.

[4] It is not sufficient to show that the defendant company may have been guilty of negligence. The evidence must point out that it was, and this she has wholly failed to do. Railway Co. v. Davis, supra, and cases there cited.

Reversed and remanded.

HIGGINS, J. I concur in the disposition made of this appeal; also in all that is said in the main opinion except some of the discussion relating to the injury to the knee.

The injury to the knee was caused by falling over a grip in the aisle. This injury was in addition to the cut in the leg. Upon this phase of the case I am of the opinion that it was the duty of appellant to use ordinary care to prevent the obstruction of the aisle so that it became dangerous as a passage way, but in order to charge appellant with negligence in this respect it was incumbent upon appellee to show that the grip over which she stumbled in passing from her seat into the aisle was placed there by some of appellant's employees or had been there long enough to justify the inference that a failure to discover and remove the same was due to a want of proper care. Rhodes v. Ry. Co. (Tex. Civ. App.) 242 S. W. 263; Railway Co. v. Black, 40 Tex. Civ. App. 415, 89 S. W. 1087; Railway Co. v. Jones, 103 Tex. 187, 125 S. W. 309. Also see cases cited in note 13 L. R. A. (N. S.) 481.

The evidence does not meet the required test.