**John A. JACKSON, Appellant,**

v.

**DALLAS RAILWAY & TERMINAL CO., Appellee.**

**No. 14883.**

Court of Civil Appeals of Texas. Dallas.

Nov. 19, 1954.

Rehearing Denied Dec. 17, 1954.

Carter, Gallagher, Roberts, Jones & Magee, Joe Hill Jones, Thomas H. Hight and Ben T. Warder, Jr., Dallas, for appellant.

Burford, Ryburn, Hincks & Ford and Howard Jensen, Dallas, for appellee.

DIXON, Chief Justice.

This is a damage suit filed by appellant Jackson against appellee Dallas Railway & Terminal Company to recover for personal injuries alleged to have been sustained by appellant when he slipped and fell on a banana peel on the rear exit door of appellee's bus. A jury returned answers favorable to appellant, but the trial court sustained a motion non obstante veredicto and rendered judgment for appellee.

The jury found that: (1) the bus driver should have known of the presence of the banana peel on the bottom step of the bus; (2) the failure of the driver to remove the peel was negligence; (3) which negligence was a proximate cause of appellant's fall; (4) said fall was not the result of an unavoidable accident; and (5) appellant did not fail to keep a proper lookout.

Appellant asserts that the trial court erred in holding that the evidence did not support the first four of the above findings. Appellee asserts that the evidence did not support the fifth finding. These contentions make it necessary for us to examine the record evidence carefully and in detail, though it may make tedious reading.

The only testimony was that of the bus driver and appellant Jackson.

The bus driver testified: At about 5:40 o'clock a. m. he began a scheduled trip toward town from the end of the line at Homer and McCommas Streets in Dallas. He recalled picking up appellant at Ross and Boll Streets and that appellant took a seat in the rear of the bus. At Elm and Lamar Streets the driver got up to investigate because the rear door was open and the bus would not move until the door was closed. He found appellant standing on the street near the bus holding the door open. Upon inquiry he was informed by appellant that he had fallen and hurt himself: Appellant pointed to a banana peel lying in the street and said he had stepped on the peel on the bottom step and had slipped and fallen. The driver saw a skid mark on the bottom step. The banana peel looked as though it had been stepped on.

The accident occurred just as it was beginning to get light. Approximately fifteen people caught the bus during the inbound trip; at the time appellant fell there were six or eight passengers on the bus.

The bus driver further testified: At Washington Street about ten blocks before appellant boarded the bus the driver saw a passenger get on the bus with an unpeeled banana in his hand. This passenger did not have a lunch pail, or sack with him. He took the first seat behind the rear door —a lengthwise seat facing the side of the bus and adjacent to the rear door stairwell where his hand would have been about six inches from the stairwell. At Central Expressway the driver, looking in his rear view mirror, saw the passenger eating the banana. This was one block before appellant boarded the bus at Boll Street. Five blocks from the Expressway, at Olive Street, the rear door failed to close, so the driver went back to investigate. He did not notice whether the banana eater was still there; the banana peel was not on the door step at that time. It took the bus about five minutes to go from this point at Olive Street to Elm and Lamar Streets where appellant alighted, a distance of 12 or 14 blocks, or about three quarters of a mile to a mile.

The first step in the stairwell is about 10 or 12 inches below the level of the aisle, and the second step is about 10 or 12 inches below the first step; both steps are about 30 inches wide. It is necessary for an alighting passenger to push the door open and to hold it open while he gets off the bus. This exit contained a two-panel door, with hinges on each side, the opening being in the middle; both sections opened at the same time upon being pushed by the passenger. There is a light in the top of the bus over the stairwell.

Appellant Jackson testified: On the occasion in question he was on his way to work at Sears-Roebuck in Oak Cliff, where he was due at 6:30 o'clock a. m. He would say it was about 6:10 o'clock a. m. when he boarded the bus at Boll Street. He did not remember whether the bus made any stops

between Boll Street and the corner of Elm and Lamar Streets. He was getting off the bus at Elm and Lamar in order to transfer to a street car going to Oak Cliff. When he went to get off the bus his right foot slipped on the peel on the second step and he fell backward, his back hitting the door step, his right foot slipping to the street pavement. When he got up he saw part of the banana peel on the street and part of it still on the step. In getting off he looked at the door before pushing it open. He did not recall whether he looked down at the second step. He did not see a man on the bus eating a banana, or holding a banana.

There is no evidence and appellant does not say that the bus driver actually knew the banana peel was on the step. The basis of his claim is that under the circumstances the bus driver in the exercise of a high degree of care ought to have known the peel was there, and was negligent in failing to remove it.

■ We must overrule appellant's points. The rule of law applicable to cases of this kind is this: In order to charge a common carrier with constructive notice of the presence on the floor, aisle, step, etc., of a foreign, slippery substance, the complaining party must show that the substance had been there a sufficient length of time to justify an inference that the driver's failure to discover it amounted to negligence. Missouri, K. & T. Ry. Co. of Texas v. Jones, 103 Tex. 187, 125 S.W. 309; Wichita Valley R. Co. v. Helms, Tex.Civ. App., 261 S.W. 225; Rhodes v. Houston, E. & W. T. R. Co., Tex.Civ.App., 242 S.W. 263; Gulf, C. & S. F. R. Co. v. Blackmon, Tex.Civ.App., 56 S.W.2d 199, 200; 8 Tex. Jur. 767.

In the last cited case the court said: "The rule seems well established in Texas that negligence in this character of cases is established by evidence of one or two things, either that an employee of the company placed the suitcase in the aisle, or that the suitcase had been in the aisle long enough to justify the inference that a failure to discover and remove the same was

due to a want of proper care. Wichita Valley Ry. Co. v. Helms, Tex.Civ.App., 261 S.W. 225, 227, and cases cited."

■ The record before us is silent as to how long the banana peel had been on the door step when appellant stepped on it. The only testimony bearing on the subject was given by the bus driver. He testified that when he went back to close the door at Olive Street, about five minutes before appellant undertook to alight at Elm and Lamar Streets, the peel was not on the door step. This testimony, if accepted as true, limits the time within which the peel might have been placed on the step, but it still does not tell us how long it had been there. Was the peel dropped there by some one who also got off the bus at Elm and Lamar Streets, just ahead of appellant? Or was it thrown there by some one immediately after the bus left Olive Street? Or when did it arrive on the step? It is impossible to say; and since the burden was on appellant to offer evidence to make out a case, we must hold that the state of the record on this vital point is fatal to appellant's recovery.

■ Appellee in a counter-point says that the evidence shows as a matter of law that plaintiff was guilty of contributory negligence in that he failed to keep a proper lookout. We overrule the counter-point. This was a defensive issue, so the burden of proof was on appellee. Appellant testified that he did not remember whether he looked down when he went to get off the bus. He did testify that he looked at the door before pushing it open. It was at a time of the early morning when it was just getting light. There was a light in the top of the bus above the stairwell, but this is not conclusive of whether the peel on the second step might have been clearly visible to appellant. These circumstances do not justify our setting aside the jury's answer to the lookout question on the ground that the testimony establishes contributory negligence as a matter of law.

The judgment of the trial court is affirmed.