## SIMMONS v. TERRELL ELECTRIC LIGHT CO. (No. 7856.)

Court of Civil Appeals of Texas. San Antonio. Dec. 21, 1927.

Rehearing Denied Jan. 18, 1928.

1. Electricity ⬦19(11)—Verdict held properly directed for defendant electric company, in absence of evidence that hanging wire injuring boy belonged to it.

Where it was shown that there were two electric companies having wires strung along street above sidewalk at place of injury to boy by hanging wire, and evidence tended to show that no wire belonging to defendant company was broken at or near such spot, court properly directed verdict for defendant, in absence of evidence that wire was that of defendant.

2. Electricity ⬦19(8)—Verdict held properly directed for defendant, in absence of showing that hanging wire, alleged to have pierced eyeball, was crooked at end.

Where it was not shown that loosely swinging wire, alleged to have pierced boy's eyeball, was crooked at end or charged with electricity, court properly directed verdict for defendant electric light company; it being improbable

that accident occurred as testified to by him and his mother.

**3. Electricity ⊕⟳19(10)—Verdict held properly directed for defendant, in absence of evidence showing that it was charged with knowledge of condition of wire.**

In absence of showing that owner of electric light wire hanging over sidewalk was negligent in not removing it or charged with knowledge of its condition, which had prevailed for only a few minutes before injury to boy, court properly directed verdict for defendant electric light company.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

See, also, 1 S. W. (2d) 513.

G. O. Crisp, of Kaufman, for appellant.

Ed R. Bumpass, of Terrell, and Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellee.

FLY, C. J. This is a suit for damages instituted by appellant against appellee, in which it was alleged that her minor son, Howard R. Simmons, on or about April 11, 1926, has lost his right eye by reason of a wire which appellee had permitted to drop down over the sidewalk of a street in Terrell, and which had entered the eyeball and destroyed the eyesight of her son. The evidence was heard by a jury, and upon its conclusion a verdict was instructed by the court for appellee.

[1] The charge of the court was as follows:

"The evidence in this case is to the effect that the plaintiff's damages were due to a wire hanging from a tree near or over a sidewalk in the city of Terrell, Tex., which the plaintiff took to be an electric light wire, and which struck her son in the eye, from which he lost his sight, which caused injury to him and damage to the plaintiff. The evidence is silent as to whether the wire was that of the defendant or the injury and damage was directly or proximately caused by the negligence on the part of the defendant's agents or servants."

Those conclusions were followed by a peremptory instruction to find for appellee. An inspection of the statement of facts sustains the rulings of the court. It was shown that there were two electric companies in Terrell, both of which were strung along the street above the sidewalk at the place where the injury occurred. The evidence tended to show that no wire belonging to appellee had been broken at or near the spot at which appellant and her son swore the accident occurred.

[2] There is also a lack of probability that the accident took place as detailed by the mother and son. It does not seem possible that a wire hanging from a tree, as they swore it was, could have entered the son's eye and pierced his eyeball. Common sense and experience would teach that a wire loosely swinging would, when struck by any object, swing back out of the way and not be able to turn its suspended end so as to pierce an eye. It must have been hanging vertically when the son's face struck it and must have moved out of the way when struck, but if it had been rigid it could not have turned its end so as to pierce the eye. It was not shown that the wire was crooked at the end or charged with electricity. The account of the accident does not carry with it conviction of its truth.

[3] There is an utter lack of proof as to whom the swinging wire belonged, or any circumstance to show that the owner of the wire was guilty of negligence in not removing the wire from its position over the sidewalk. Appellant and her son passed along the same sidewalk a short time before the injury occurred and saw no broken hanging wire, and there is nothing to indicate that the owner was charged with knowledge of the condition of the wire. The wire had not been hanging more than a few minutes before Howard Simmons claims he struck it.

The judgment is affirmed.