Action by Mrs. Tennie Simmons against the Terrell Electric Light Company. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 1 S. W. (2d) 513.

G. O. Crisp, of Kaufman, for appellant.

Ed R. Bumpass, of Terrell, and Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellee.

FLY, C. J. This is a suit for damages instituted by appellant against appellee, in which it was alleged that her minor son, Howard R. Simmons, on or about April 11, 1926, has lost his right eye by reason of a wire which appellee had permitted to drop down over the sidewalk of a street in Terrell, and which had entered the eyeball and destroyed the eyesight of her son. The evidence was heard by a jury, and upon its conclusion a verdict was instructed by the court for appellee.

[1] The charge of the court was as follows:

"The evidence in this case is to the effect that the plaintiff's damages were due to a wire hanging from a tree near or over a sidewalk in the city of Terrell, Tex., which the plaintiff took to be an electric light wire, and which struck her son in the eye, from which he lost his sight, which caused injury to him and damage to the plaintiff. The evidence is silent as to whether the wire was that of the defendant or the injury and damage was directly or proximately caused by the negligence on the part of the defendant's agents or servants."

Those conclusions were followed by a peremptory instruction to find for appellee. An inspection of the statement of facts sustains the rulings of the court. It was shown that there were two electric companies in Terrell, both of which were strung along the street above the sidewalk at the place where the injury occurred. The evidence tended to show that no wire belonging to appellee had been broken at or near the spot at which appellant and her son swore the accident occurred.

[2] There is also a lack of probability that the accident took place as detailed by the mother and son. It does not seem possible that a wire hanging from a tree, as they swore it was, could have entered the son's eye and pierced his eyeball. Common sense and experience would teach that a wire loosely swinging would, when struck by any object, swing back out of the way and not be able to turn its suspended end so as to pierce an eye. It must have been hanging vertically when the son's face struck it and must have moved out of the way when struck, but if it had been rigid it could not have turned its end so as to pierce the eye. It was not shown that the wire was crooked at the end or charged with electricity. The account of the accident does not carry with it conviction of its truth.

[3] There is an utter lack of proof as to whom the swinging wire belonged, or any circumstance to show that the owner of the wire was guilty of negligence in not removing the wire from its position over the sidewalk. Appellant and her son passed along the same sidewalk a short time before the injury occurred and saw no broken hanging wire, and there is nothing to indicate that the owner was charged with knowledge of the condition of the wire. The wire had not been hanging more than a few minutes before Howard Simmons claims he struck it.

The judgment is affirmed.

---

## SIMMONS v. TERRELL ELECTRIC LIGHT CO. (No. 7857.)

Court of Civil Appeals of Texas. San Antonio. Dec. 21, 1927.

Rehearing Denied Jan. 18, 1928.

**1. Electricity ☞16(5)—Electric company is charged with knowledge of age, condition, weight, and location of wires, and strength of their supports.**

Electric light company is charged with knowledge of age, condition, and weight of its wires, their location so that limbs of trees might injure them, and strength of their supports.

**2. Electricity ☞19(10)—Verdict held properly directed for defendant, in absence of evidence of actual or imputed knowledge that wire injuring boy was broken and hanging.**

In action for loss of sight of boy's eye, struck by broken wire hanging over sidewalk, court properly directed verdict for defendant electric light company, in absence of evidence that it knew wire was broken and hanging, that it had been hanging sufficient time to charge defendant with knowledge of its condition, that wires were old or improperly strung and supported, that limbs of trees probably broke wire, or any evidence, other than that of plaintiff and his mother, that there was a broken wire hanging over sidewalk.

**3. Electricity ⚎19(8)—Testimony that eyeball was pierced by straight hanging wire held so unreasonable and improbable as to require directed verdict for defendant.**

Testimony of minor plaintiff and his mother as to piercing of his eyeball by hanging electric light wire, not claimed to be crooked at end, *held* so incredible, contrary to natural laws, unreasonable, and improbable as to require direction of verdict for defendant electric light company.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Action by Howard Simmons, by his next friend, Tennie Simmons, against the Terrell Electric Light Company. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 1 S. W. (2d) 512.

G. O. Crisp, of Kaufman, for appellant.

Ed R. Bumpass, of Terrell, and Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellee.

FLY, C. J. This is a suit instituted by Tennie Simmons, mother and next friend of Howard Simmons, to recover damages for him from appellee, alleged to have arisen through the negligence of appellee in permitting a broken electric wire to hang over the sidewalk in Terrell, and to pierce the eyeball of the right eye of said Howard, destroying the sight. This is a companion case to that instituted by Tennie Simmons, for herself, 1 S.W.(2d) 512, this day decided by this court.

The court instructed a verdict for appellee giving as the grounds for such action:

"The plaintiff in this case having alleged the cause of the injuries complained of were due to a hanging wire belonging to the defendant company projecting over the sidewalk over which the plaintiff was traveling, and that the wire was broken and permitted to hang down because the wires were old, or because of their weight, or because limbs of trees brushed against the wires, or because the wires were not properly supported, or from some other reasons to plaintiff unknown. The proof in this case fails to show that the defendant company knew that the wire was broken and hanging down over the sidewalk, or that the company knew that the wires were old to cause them to break, and there is no proof that the wires were old, and that the company knew that limbs of trees brushed against the wires and caused them to break, or that the company knew that the wires were not properly supported, and there is no proof that they were not properly supported. The plaintiff has not alleged in his petition that the damages, if any, were occasioned by any negligence on the part of defendant company by virtue of faulty construction of its line, or knowledge of any defect which caused injuries."

[1, 2] While we are of opinion that appellee was charged with knowledge of the age and condition of its wires and with knowledge that they were so located that limbs of trees might injure them, and with the knowledge of the weight of the wires and the strength of their supports, still, we agree with the trial judge that the evidence fails to show that appellee knew that the wire was broken and hanging over the sidewalk, or that the wire had been so hanging a sufficient time to charge appellee with knowledge of the condition of the wire, and that the proof failed to show that the wires were old or that the limbs of trees probably broke the wire, or that the wires were not properly strung and supported, and that the evidence failed to show any negligence upon the part of the appellee. There was no evidence that there was a broken wire hanging down over the sidewalk except that of appellant and his mother. The wire must have broken, if it did break, between 10 and 11 o'clock in the morning, because appellant and his mother swore that it was not hanging over the sidewalk when they passed about 10 o'clock, and the accident occurred when they went back about 11 o'clock. The wire may have broken and fallen at the instant it struck appellant, for the evidence shows it was not seen until it struck appellant. It was not charged with electricity, and consequently the eye was not injured by an electric current. There was no circumstance shown that would tend to charge appellee with knowledge of a break in the wire.

[3] The evidence as to the manner in which appellant was hurt is utterly incredible. He swore that "the wire was hanging down four or five feet" and that he did not see it when it struck him. He stated that the wire struck so hard that he had to pull it out of his eye. It is contrary to natural laws that a hanging wire would pierce the ball of an eye, simply from the impact with the head of a boy who had on a cap and was walking with his mother along the sidewalk. It was not claimed that the wire was crooked at the end so that it would enter the eye and pierce the eyeball. It did not scratch, but pierced the eye ball. The doctor swore the ball was pierced from the side of the eye nearest the ear, and therefore was not in front. No other witness, except the mother, testified that a wire was hanging over the sidewalk. The whole account of the injury is unreasonable and improbable.

The judgment is affirmed.

⚎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes