**SIMMONS v. TERRELL ELECTRIC LIGHT CO.** (No. 1152—5120.)

Commission of Appeals of Texas, Section A. Jan. 23, 1929.

See also (Civ. App.) 1 S.W.(2d) 512; (Com. App.) 12 S.W.(2d) 1014.

G. O. Crisp, of Kaufman, for plaintiff in error.

Ed R. Bumpass, of Terrell, and Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for defendant in error.

NICKELS, J. Howard Simmons, aged about 19, by next friend, sued for damages on account of personal injuries received, it is claimed, on or about April 11, 1926, through negligence of Terrell Electric Light Company. The averments presently important are: "That * * * plaintiff was walking down the sidewalk on North Rockwall Street" when "some of the defendant's wires, by reason of their age or weight that they were forced to support, broke and were hanging down through the trees or from the poles over such sidewalk, and such wire or wires struck plaintiff's eye and stuck in his eye and injured him. Plaintiff does not know whether such wire broke and fell against his eye or whether it was already hanging down and stuck into his eye, when he ran against it, but * * * the first notice he had that the wire was down was when it stuck into his eye. He does not know how long the wire had been down, but he does allege and charge that it was down by reason of the negligence and carelessness of the defendant, its agents, servants and employés. Because of the fact

that it was an old wire and permitted to break and hang down, or because of the weight it was forced to support, or because of the fact that the limbs of the trees brushed against the wires and wore them and broke them, or because of the fact that such wires were not properly supported, or from some other reason to the plaintiff unknown, the wire was down over the sidewalk, or fell over the sidewalk in such manner as to injure and damage this plaintiff," seriously and permanently (in a manner and extent detailed). "All of his injuries * * * were caused by the carelessness and negligence of the defendant, its agents and servants, in permitting such wire to hang down over the sidewalk or to be down over the sidewalk," etc.

According to the testimony of Howard Simmons and his mother, Mrs. Tennie Simmons: (a) They were on the sidewalk along the east side of North Rockwall street in the city of Terrell walking northward, when the end of an insulated wire "stuck in" Howard's eye and destroyed its vision, etc.; (b) the wire was not charged, with electricity; (c) the wire "extended from" Mr. Davis' house (nearby) and "fell from toward the house" so as to "hang down" to a point "between five and six feet from the ground" at the instant of impact; (d) the wire belonged to Terrell Electric Light Company and was one (of a number) strung between a pole (west of the sidewalk); (e) the injury was received "right where those wires run across the sidewalk."

Other testimony (e. g., that of Wynne) indicates that the wires ran "through trees" between "the pole" and "the house."

The wires when strung from pole to house were about 26 feet above "the ground" at the pole-ends and about 15 feet above the ground at the house-ends.

Expert testimony is present to show that the house-end of a broken wire would be "dead," and that contact of a "live" "wire" with limbs of trees might well erode insulation and cause the wire to "burn in two."

Wynne testified that examination of the three wires leading from the pole to Davis' house (made sometime after date of the occurrence described by Howard Simmons and his mother) revealed that two of them "were patched, west of the sidewalk, up in the trees."

At conclusion of plaintiff's testimony, the trial court on defendant's motion instructed a verdict. That action, approved by the Court of Civil Appeals, 1 S.W.(2d) 513, is assigned for error.

The cause of action as pleaded has a double aspect. It includes wrongful failure to remove the obstruction (the "wire") after it got into range of travelers on the highway. For instant purposes we assume (while doubting) lack of evidence in that phase and consider only the alternative charge of negli-

gence in allowing the obstruction to get there (Gleeson v. Va. Midland Rd. Co., 140 U. S. 435, 443, 11 S. Ct. 859, 35 L. Ed. 458) just in time to "fall against his eye."

If ownership and control of the wire by defendant, as the matter is presented, is not shown as a matter of law, the testimony has basis for a fact finding to that end.

■ We favor defendant with a presumption that it had authority to string its wires along the street and above the sidewalk. But a contrary presumption obtains in respect to positioning of a wire on the sidewalk itself or so near to its surface as to endanger users of the latter.

■ In consequence of matters already discussed: (a) Simmons was at a place where he had a right to be and where his presence at any time ought to have been anticipated; he was not on premises of defendant nor at a place unusual for travelers in ordinary course; nor was he there in any relation to defendant or its wires. (b) The wire was at a place where defendant had no right to have it. (c) There is a hypothesis that the wire (previously strung above the sidewalk) parted and fell at the time (or about the time) Simmons reached the locus in quo and produced his injury. (d) Reason for the happening is not shown (in proof) otherwise than by circumstantial suggestion that contact of wire and tree limbs made it "burn in two."

Since things like that postured in the hypothesis do not happen "in the ordinary course of things" if those who suspend objects above a public sidewalk "use proper care," we can perceive no just reason for denying that res ipsa speaks that inference of negligence essential to remission of plaintiff's cause to the jury. See T. & N. O. Ry. Co. v. Crowder, 63 Tex. 504; McCray v. G. H. & S. A. Ry. Co., 89 Tex. 168, 34 S. W. 95; Washington v. M., K. & T. Ry. Co., 90 Tex. 314, 38 S. W. 764; Gleeson v. Va. Midland Rd. Co., supra, and cases there cited; cases cited in notes in 12 L. R. A. 189, 34 L. R. A. 557, 6 L. R. A. (N. S.) 800, 12 L. R. A. (N. S.) 721, 16 L. R. A. (N. S.) 527, 24 L. R. A. (N. S.) 139, 43 L. R. A. (N. S.) 591.

Defendant cites contra San Antonio Gas & El. Co. v. Ocon, 105 Tex. 139, 146 S. W. 162, 39 L. R. A. (N. S.) 1046; Citizens' Ry. & Light Co. v. Case (Tex. Civ. App.) 138 S. W. 621; Houston City St. Ry. Co. v. Autrey, 4 Tex. Civ. App. 635, 23 S. W. 817; Jones v. Ft. W. & D. C. Ry. Co., 47 Tex. Civ. App. 596, 105 S. W. 1007; St. L., S. F. & T. Ry. Co. v. Cason, 59 Tex. Civ. App. 323, 129 S. W. 394; M., K. & T. Ry. Co. v. Ramous, 103 Tex. 4, 121 S. W. 1104; M., K. & T. Ry. Co. v. Jones, 103 Tex. 187, 125 S. W. 309; Wilson v. Werry (Tex. Civ. App.) 137 S. W. 390; Ft. Worth & D. C. Ry. Co. v. Anderson (Tex. Civ. App.) 118 S. W. 1113; Robertson v. Wooley, 5 Tex. Civ. App. 237, 23 S. W. 828; and Worthington v. Wade, 82 Tex. 26, 17 S. W. 520.

The wire which caused Ocon's death was not "strung," owned, maintained, or otherwise controlled by San Antonio Gas & Electric Company. The company's sole relation to it inhered in the fact that it had allowed other persons to fasten one end of the wire to its pole, and in the fact that it furnished "current" to those persons through the wire as and when they should make the necessary connection by manipulation of a "switch" provided by them for the purpose. The evidence ("without dispute") showed the wire "was, in the beginning, properly strung and that its sagging condition" (cause of injury) "occurred afterwards." There was lack of evidence to show when the wire "sagged" or that its "sagged" condition was known to the company. The wire was not "charged" when• the injury occurred. Hence, it was held (San Antonio Gas & Elec. Co. v. Ocon) the company might rightly presume "that those who were in charge of the stringing of the wire * * * would" (and did) "perform the work in a proper manner." It was indicated that a different rule would apply in case of an injury by a "charged" wire· similarly conditioned "but solely on the ground that 'electricity is a silent, deadly and in-stantaneous force,'" etc. Reason suggests another "ground" for the latter rule in the fact that the thing, or essence, which produc-es the injury is the property and under the control of a person other than the owner, etc., of the wire itself.

In that case: (a) The defendant did not own and maintain the instrument of damage, here it did so; (b) the wire was properly strung, here there is no such proof; (c) the wire did not break (hence, an inference of proper material), here it broke, possibly from defective material, age, etc.; (d) "sagging," to some degree at least, would happen "in the ordinary course of things" despite use of care, while breaking, as here, is not a matter of course.

In Citizens' Ry. & Light Co. it appears: (a) The company owned and maintained, in connection with a certain pole ("located on the sidewalk"), electric wires so positioned as not "in the least" to "endanger" a person using the sidewalk; (b) the city owned and maintained in connection with the pole apparatus for an "arc light" a part of which was a "chain" extending down the pole to a point near surface of the sidewalk; (c) an employé of the city (inferably and as held), for city purposes, made a connection between one of the ·company's wires and the "chain" so as that the chain became charged and the current injured a user of the sidewalk. The company's duty, it was held, was use of "proper care after it knew or should have known that the connection had been made with its wire to take such steps as were necessary to remove the danger thereby caused to persons who might get in contact with the chain," and because the charge given did not require· a finding of violation of that duty as precedent to a general finding against the company the judgment was reversed and the cause remanded. Each of the conditions named, i. e., "(a)," "(b)," and "(c)," above, differentiate that case from the case made in pleading and proof now before us.

The material differences in opportunity to control the means of the injuries involved in M., K. & T. Ry. Co. v. Jones; Houston City St. Ry. Co. v. Autrey; St. L., S. F. & T. Ry. Co. v. Cason; M., K. & T. Ry. Co. v. Ramous; Ft. W. & D. C. Ry. Co. v. Anderson, in the locations of those instruments at times of injury and before, as compared with analogous elements here, are sufficient to render those cases inapplicable as support for contention of defendant in error.

All that was made known in Jones v. Ft. W. &. D. C. Ry. Co. was that Glenn Jones (a boy of 15 years of age) was moving about on a moving freight train, and a short time thereafter his mangled body was found on the track; the court held that negligence could not be inferred from the "mere fact of injury." But here there is proof of injury by a wire belonging to defendant falling from its proper position above a public way and with whose use or fall plaintiff had nothing to do. In Worthington v. Wade and Robertson v. Wooley maintenance of barbed-wire fences by persons on their premises (not dedicated to public use) was the matter considered. In Wilson v. Werry, and in St. L. S. W. Ry. Co. v. Freles, the defendants proved due care in all particulars. The injured party, whose claim was determined in the latter case, was shown to have been in better position than his employer to know the dangers and to anticipate the injury. We are unable to perceive the relevancy to the instant controversy in any of these cases.

■ "Plaintiff was walking down the public sidewalk," he averred, when "some of defendant's wires, by reason of their age or the weight that they were forced to support, broke and were hanging down through the trees or from the poles over such sidewalk, and such wire or wires, struck plaintiff's eye and stuck in his eye and injured him, as hereinafter plead." Those averments are followed by these in order:

"Plaintiff does not know whether such wire broke and fell against his eye or whether it was already hanging down and stuck into his eye."

"He does not know how long the wire had been down, but he does * * * charge that it was down by reason of the negligence and carelessness of the defendant."

"Because * * * it was an old wire and permitted to break and hang down, or because of the weight it was forced to support, or because * * * the limbs of trees brushed against the wires .and wore them and broke them, or because * * * such wires were not properly supported, or from some other reason to the plaintiff unknown, the wire was down over the sidewalk, or fell

**1014**

over the sidewalk in such manner as to injure * * * plaintiff" (in the manner and to the extent detailed).

"All of his injuries * * * were caused by the carelessness and negligence of the defendant * * * in permitting such wire to hang down over the sidewalk or to be down over the sidewalk so as to injure" him.

Defendant in error contends: (a) The general charge of negligence is restricted by and to specific averments of negligence in named particulars; (b) hence, the general inference of negligence may not be indulged. Applicability, or not, and the varied effect of the "rules" mentioned as viewed in different jurisdictions have illustration in cases cited in notes in 24 L. R. A. (N. S.) 788, and in L. R. A. 1915F, 992.

To its contentions defendant in error cites Lone Star Brewing Co. v. Willie, 52 Tex. Civ. App. 550, 114 S. W. 186; Cecil & Co. v. Stamford Gas & Elec. Co. (Tex. Civ. App.) 242 S. W. 536; Davis v. Castile (Tex. Com. App.) 257 S. W. 870; and Wichita Valley Ry. Co. v. Helms (Tex. Civ. App.) 261 S. W. 225. The averments here are made disjunctively with a final one in these words: "Or from some other reason to the plaintiff unknown." The situation thus presented is unlike that before the courts in either of the cases cited. Here there is a plain notification that plaintiff does not intend for his claims or his general charge to be restricted to any one or all of the matters more specifically averred. He did not exactly choose and mark off the field of battle, and defendant had no right to indulge a supposition that he would yet do so. In our opinion the pleading is not one of "specific averments" within the doctrines urged, and reason for application of those rules (see Johnson v. G. H. & N. Ry. Co., 27 Tex. Civ. App. 616, writ denied 66 S. W. 906, 908) does not exist.

We recommend that the judgments of the district court and Court of Civil Appeals be reversed, and that the cause be remanded.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended. by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.

See also (Civ. App.) 1 S.W.(2d) 513; (Com. App.) 12 S.W.(2d) 1011.