**SIMMONS v. TERRELL ELECTRIC LIGHT CO. (No. 1152—5114.)**

Commission of Appeals of Texas, Section A. Jan. 23, 1929.

See also (Civ. App.) 1 S.W.(2d) 513; (Com. App.) 12 S.W.(2d) 1011.

G. O. Crisp, of Kaufman, for plaintiff in error.

Ed R. Bumpass, of Terrell, and Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for defendant in error.

NICKELS, J. The case is sufficiently stated in the opinion of the Court of Civil Appeals, 1 S.W.(2d) 512.

Garrett, manager for defendant in error, was used as a witness by plaintiff in error. He said that his company owned the electric wires going north on Rockwall street on the side next to Mr. Davis' house, and that he did not know of other light wires on that side running in that direction. On cross-examination he said his company furnished Mr. Davis current "for his cooking stove" by means of three wires running (slightly northeast) from a pole approximately 25 feet from Mr. Davis' house (the sidewalk being between the pole and the house), and that another company furnished current to Mr. Davis for lighting purposes by means of wires on "College Street." On redirect examination he said that two of the wires (of his company) running to Mr. Davis' house "are patched just outside the sidewalk," and that if one of the wires parted at that place it might come down on the sidewalk. On cross-examination he said, "We had a complaint from Mr. Davis on December 13, 1925," in response to which "we sent employés and thereafter in about fifteen minutes a report comes back that it was fixed," but that "we did not have a line broken down nor any complaint of a line broken at Mr. Davis' early in April, 1926." His "records do not specify," he said on redirect examination, whether it was two wires or one that was fixed on December 13, 1925.

Howard Simmons testified that "an electric wire struck him in the eye" as he was walking on the sidewalk along Rockwall street near Mr. Davis' house, that the wire was "about three or four feet from some trees when it caught in his eye"; "the wire was hanging down * * * low enough to hit me," he said; he does not "know whether the piece of wire that hit him in the eye is one that went to Mr. Davis' house," he said; he did not get "any shock" from the wire.

Mrs. Tennie Simmons testified that she saw an electric wire pierce Howard's eyeball

"while they were traveling on the sidewalk along Rockwall Street near Mr. Davis' house." The wire "looked like it was hanging in the trees," she said.

Both Howard and his mother testified that the wire was not "hanging down" when they passed the place earlier in the day. The occurrence as related by Howard and his mother took place "about the 11th" of April, 1926.

We do not find in evidence other facts or circumstances relevant to ownership, etc., of the wire which produced the injury upon which recovery was sought.

The writer doubts that the evidence raises the issue of ownership (by Terrell Electric Light Company) of the wire which apparently caused the injury, but in conference the judges of the Supreme Court have indicated a contrary view, and with that view a majority of the Commission agrees.

Hence, for reasons generally stated in the companion case of Howard Simmons, by Next Friend, v. Terrell Electric Light Co., 12 S.W.(2d) 1011, it is recommended that the judgments of the district court and Court of Civil Appeals be reversed, and that the cause be remanded.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.