Missouri, Kansas & Texas Railway Company of Texas v. J. P. Jones.

No. 2017. Decided February 23, 1910

**Negligence—Res Ipsa Loquitur—Case Stated.**

A switchman riding on the foot board of a slowly moving engine, got off for the purpose of throwing on a switch, and stepping on an iron bolt lying on the track, which rolled under his foot, was thrown thereby across the track and injured. There was no proof as to how long the bolt had been there or of such other objects being permitted to lie on the track; and there was evidence of suitable inspection of the track and removal of such objects, when found, to the scrap-pile. Held, that the proof was insufficient to support an inference of the employer's negligence, that the maxim res ipsa loquitur did not apply in the absence of evidence raising an inference that the bolt had been there so long that it should have been discovered and removed by the exercise of ordinary care; and that, the case having been fully developed by the proof, a recovery by plaintiff should be reversed and judgment rendered for defendant. Washington v. Missouri, K. & T. Ry. Co., 90 Texas, 314; McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 168.

Error to the Court of Civil Appeals for the Third District, in an appeal from Bell County.

Jones sued the railway company and recovered judgment. Defendant appealed and on affirmance obtained writ of error.

*Coke, Miller & Coke,* and *Tyler & Tyler,* for plaintiff in error.— There is not a scintilla of evidence in the case tending to show that the existence of the temporary obstruction upon defendant's track was known to defendant or its agents or that it had remained there for such a length of time as that by the exercise of the highest degree of care in inspecting the premises, defendant could have known of its existence and removed the same and the court should have instructed a verdict for defendant. Railway Co. v. Garven, 109 S. W., 426, and authorities there cited; Broadway v. Gas Co., 24 Texas Civ. App., 604; Missouri, K. & T. Ry. Co. v. Romans, 103 Texas, 4; Railway Co. v. Echols, 41 S. W., 488; Railway Co. v. Crowder, 63 Texas, 492, 76 Texas, 501; Railway Co. v. Pettis, 69 Texas, 693; Railway Co. v. Barrett, 166 .U. S., 617; Railway Co. v. Parrish, 93 S. W., 684; McNiff v. Railway Co., 64 S. W., 1011; Sills v. Railway Co., 28 S. W., 909; 41 L. R. A., exhaustive note and summary of authorities, pp. 48-52, 63-66, 150-152; Manson v. Eddy & Cross, 3 Texas Civ. App., 148; Railway Co. v. Thompson, 11 Texas Civ. App., 658-662; Pennsylvania Co. v. Congdon, 134 Ind., 226; Perry v. Railway Co., 108 Mich., 130; Murphy v. Railway Co., 71 N. W., 662;

Railway Co. v. Johnson, 36 W. Va., 73; Railway Co. v. Gaither, 43 S. W., 267; Seaboard Mfg. Co. v. Woodson, 94 Ala., 143, 98 Ala., 378; U. S. Rolling Stock Co. v. Wier, 96 Ala., 396; Railway Co. v. Webb, 97 Ala., 162; Railway Co. v. Waldo, 26 S. W., 1004; Railway Co. v. Lyde, 57 Texas, 508; Fenderson v. Railway Co. 56 N. J. L., 708; Elec. Co. v. Kelley, 57 N. J. L., 100; Railway Co. v. Swartz, 58 Kan., 235; Degraff v. Railway Co., 76 N. Y., 125; Railway Co. v. Gaines, 46 Ark., 555; Clough v. Hoffman, 132 Pa., 626; Pearce, Railroads, 382, 383; Railway Co. v. Becker, 53 S. W., 408.; Kinney v. Corbin, 132 Pa., 341; Kremer v. Eagle Mfg. Co., 96 S. W., 727.

*A. L. Curtis* and *Winbourn Pearce,* for defendants in error.—Where the place is shown to be under the management of the master, and the accident is such as in the ordinary course of things does not happen if those who have the management used proper care, the jury may infer that the accident arose from want of care.    McCray v. Railway Co., 89 Texas, 168; Railway Co. v. Crowder, 63 Texas, 502; Thompson v. Railway Co., 106 S. W., 910; Railway Co. v. Toliver, 84 S. W., 376; Railway Co. v. Wood, 63 S. W., 164; Railway Co. v. Davis, 23 S. W., 737; Railway Co. v. Shiflett, 56 S. W., 699; Railway Co. v. Harris, 107 S. W., 110; Norton v. Railway Co., 108 S. W., 1044; Railway Co. v. Williams, 52 S. W., 89, 93 S. W., 433, 93 S. W., 683; Railway Co. v. Baine, 67 S. W., 443; 6 Thompson, Negligence, secs. 7635, 7666; Labatt, Master and Servant, sec. 834 and note; 34 Cent. Digest, sec. 898; Encyclopaedia of Evidence, Subdivision "Negligence," p. 871; 1 Sherman and Redfield, Negligence, secs. 57, 58.

Where the defendant owes a duty to the plaintiff to use a certain degree of care in respect to the thing causing the accident, to prevent the occurrence of such accident, and the thing is shown to be under the control of the defendant, and the accident was such as, in the ordinary course of things, does not occur, if those who have the management use proper care, it affords evidence, in the absence of evidence showing that it happened without the fault of the defendant, that the accident arose from lack of requisite care.    Railway Co. v. Roach, 114 S. W., 418; Houston v. Brush, 29 Atl. Rep., 380; Judson v. Giant Powder Co., 29 L. R. A., 723; Snyder v. Electrical Co., 64 Am. St. Rep., 922; Rose v. Transportation Co., 11 Fed., 438; Moore v. Parker, 91 N. C., 275; Transportation Co. v. Downer, 11 Wall., 129; Railway & E. Co. v. Hudgins, 41 S. E., 738; Hawser v. Railway Co., 80 Md., 146, 45 Am. St. Rep., 332; Breen v. Railway Co., 109 N. Y., 297; Koples v. Orth, 61 Wis., 531; Tuttle v. Railway Co., 48 Iowa, 236; Kearney v. Railway Co., L. R. 5 Q. B., 411; 29 Cyc., 591, 623, and authorities; Schnizer v. Phillips, 108 N. Y. App. Div., 17; Graham v. Banland, 97 N. Y. App. Div., 141; Reigel Cigar Co. v. Gordon, 46 N. Y. Supp., 416; Greco v. Bernheimer, 17 Misc. (N. Y.) 592; 21 Am. & Eng. Enc. of Law, 513 (2), 81 Fed. Rep., 578, 63 Am. St. Rep., 807; Railway Co. v. Coal Co., 1 L. R. A. (N S.) 533; Railway Co. v. Thompson, 116 S. W., 106.

Where the evidence, which discloses the occurrence, discloses circumstances from which defendant's negligence is a reasonable inference,

a case is presented for the consideration of the jury. Missouri, K. & T. Ry. Co. of Texas v. Romans, 121 S. W., 1104; Excelsior Electric Co. v. Sweet, 30 Atl., 553; Seybold v. Railway Co., 47 Am. Rep., 75, 95 N. Y., 562; Railway Co. v. Bradt, 122 S. W., 59; Words and Phrases, "Res Ipsa Loquitur."

Mr. Justice Williams delivered the opinion of the court.

The principal question in this case is whether or not the evidence relied on by defendant in error (plaintiff) is sufficient to show negligence on the part of the plaintiff in error (defendant). Plaintiff's counsel rely mainly on the principle, *res ipsa loquitur,* as it has been stated in many decisions in this State and elsewhere.

The injury for which plaintiff sues was received in this way. As a switchman in the service of defendant in its yards at Temple, he rode on the footboard of a slowly moving engine until it reached a point at which it was his duty to get off for the purpose of throwing a switch, and, in doing so, he stepped upon an iron bolt eight or ten inches long and an inch thick, which rolled under his foot in such manner as to throw him down across one of the rails and caused the injuries for which he recovered. The bolt was lying upon the track at a place where switching was constantly done and it is virtually admitted in the evidence that the presence of such an object would render the track dangerous for such uses as switchmen are expected to make of it. The only evidence of its presence is the testimony of plaintiff which goes only to the fact that it was there when he stepped on it. It is shown that the bolt was such as is used by defendant and other companies in holding in place the draft timbers of cars. Such bolts were often taken out of cars by the repairers in the yard at Temple. This was usually done upon the repair track, but the chief repairer, without any recollection of such a fact, admitted the possibility of his having at some time taken out one on the track in question. He stated, however, that he had never left a bolt upon a track but always removed and put them in the scrap pile where old irons were kept. It was shown to have been the duty of the chief repairer and his assistant to pick up pieces of iron when seen anywhere about the yards and put them in the scrap pile to be put to other uses; but while the evidence justifies the inference that such things were often found, there is none that at any time before that in question one was ever seen on a track or at any other place where it would endanger employes. Nor is there any evidence that any car was worked upon on the track in question on or before the day of the accident, unless the fact that the bolt was there be such. The repairers stated that they had no knowledge of such a fact. It was the especial duty of the foreman of the section, including these yards, and of the track walker employed therein to look after the condition of the tracks and to keep them free of such obstructions. Each of them testified that he started upon his first round of inspection at seven o'clock each morning and did so on the morning in question, passing over the point where the bolt was afterwards found less than an hour before plaintiff was hurt; that it was his duty to keep a lookout for such objects, and that if one had been there he

would have seen and removed it as it was his duty to do. The chief car repairer and his assistant, whose duties did not include that of inspecting the track, but did require them to pick up and put in the scrap pile such irons as they saw while performing other services, also testified to passing the place about the same time and of having no recollection of seeing the bolt. There was testimony from others who passed there to a like absence of recollection. One of the witnesses, speaking of the bolt, says that: "From the way this one looks it had been covered up for quite a while so no one could have seen it." What this indicates, or what appearance the bolt could have had that would tend to show how it came to be on the track, we are unable to see.

We can not bring our minds to the conclusion that there is here any evidence to prove that any one of the defendant's employes was guilty of negligence. In order to constitute it, the bolt must have been put on the track by some employe, or its presence there must have been known to some of them before the accident, or must have continued long enough to justify the inference that the failure to know it was due to a want of the proper care.

It is not contended, nor could it be, that inspections were not frequent enough. It could not reasonably be required that either the foreman or the track walker should have passed this point a second time before the accident. Does the fact that, a half hour or so after they passed, the bolt was found upon the track, justify an inference of negligence of which there is no other evidence? Undoubtedly a condition of a track might be such that, with respect to it, such a question ought to be answered in the affirmative; but that can not be true of this condition, which might come about at one moment as well as another, and by the action of others as well as by that of defendant's servants. Any person, child or adult, passing the point, idly handling or playing with and dropping the bolt might, in an instant, have put it in the place in which alone it was dangerous. Other ways in which it might have come there might easily be supposed. It is true, that the evidence does not especially indicate any such explanation of its presence, but the point is that that which happened may be as easily accounted for in this way as by a supposition of negligence on the part of the defendant. Such a supposition would imply that some servant of defendant put the bolt on the track, or knew it was there, or that more than one of them negligently failed to see it when passing along the track and looking out for such things, or that, seeing it, they failed to remove it, each of which assumptions would involve a charge of a motiveless disregard of a positive and simple duty easily performed. The argument is that the track and the bolt belonged to and were in the exclusive control of the defendant; that its duty to its employes was to exercise care to keep the track safe; that the track was found in an unsafe condition, whereby an injury was caused which would not ordinarily happen if that duty were performed; and that this condition of things, under the decisions relied on, justifies an inference of negligence. Washington v. Missouri, K. & T. Ry. Co., 90 Texas, 314; McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 168.

It may be remarked that the doctrine recognized in those decisions is that a state of evidence such as it supposes justifies a finding of negligence when there is no sufficient evidence adduced by the defendant to show that the injury was not in fact due to its fault. Stearns v. Ontario Spinning Co., 184 Pa. St., 619. It does not throw upon the defendant the burden of satisfactorily accounting for the accident. But we can not agree that it applies to a state of facts like this at all. It can not be presumed, without evidence, that the defendant had, in fact, such complete control of every part of its yards and of every bolt of this kind of which it was the owner as to make it reasonable to infer that its servants, contrary to their duty, either put this bolt at this place, or negligently allowed it to be there when they knew or should have known of its presence, rather than that it may have come to be there without their fault. Such a presumption would contradict common experience, and common experience is the basis of presumptions of fact. It may be true that it would be difficult for a plaintiff to show more than plaintiff showed concerning such a condition; but this does not take away the requirement of evidence to warrant a judgment. 6 Thompson Neg., 7695. It would seem that the difficulty would be equally as great for the defendant to account further than it has done; but however that may be, no such consideration can sustain a judgment based upon evidence which is as consistent with the innocence as with the guilt of the defendant and its servants. Id., 7698. The judgment will be reversed and, as the case has probably been fully developed, judgment will be here rendered that plaintiff take nothing.

*Reversed and rendered.*