CECIL & CO. et al. v. STAMFORD GAS & ELECTRIC CO. (No. 1363.)

(Court of Civil Appeals of Texas. El Paso. June 8, 1922. Rehearing Denied June 22, 1922.)

1. Electricity ☞19(3)—Res ipsa loquitur inapplicable where specific negligence is pleaded.

Where plaintiff pleads specific grounds of negligence to establish defendant's liability for a fire caused by electricity, the doctrine of res ipsa loquitur does not apply, so that a finding by the jury on a special issue that an excessive quantity of electricity entered plaintiff's premises does not authorize a judgment against the company furnishing the electricity.

2. Appeal and error ☞1062(1)—Submission of general negligence is not prejudicial to plaintiff, who pleaded specific negligence.

A special issue submitting to the jury generally whether defendant was negligent was not prejudicial to plaintiff, who had pleaded specific grounds of negligence.

3. Appeal and error ☞1062(1)—Erroneous submission of general negligence held cured by submission of specific negligence.

Error in submitting a general issue as to whether defendant was negligent was cured by the subsequent submission of the particular grounds of negligence alleged in the petition.

4. Trial ☞352(5)—Affirmative submission of each group of facts rule does not apply to submission of special issues.

The rule as to affirmative submission of each group of facts to the jury does not apply to a case submitted upon special issues.

**5. Electricity ⟨key⟩19(3)—Finding overload entered building does not raise presumption of negligence.**

A finding by the jury, in response to a special issue that the fire in plaintiff's building was caused by an overload of electricity entering the building does not create a presumption of negligence on the part of an electric light company in permitting the overload to enter the building.

**6. Trial ⟨key⟩351(5)—Requested issues covered by special issues given properly refused.**

In an action against an electric light company for the burning of plaintiff's building, a request to submit the issue whether the overload of electricity was due to the failure of defendant to use the highest degree of care in installing and equipping its plant, wires, connections, etc., was sufficiently covered by a special issue as to whether the excessive amount of electricity entered the building because of defendant's negligence, and whether the overload was due to the defendant's failure to use that high degree of care which a person of highest degree of prudence would use under similar circumstances.

Appeal from District Court, Jones County; W. R. Chapman, Judge.

Action by Cecil & Co. and others against the Stamford Gas & Electric Company and another. Judgment for defendant named, and plaintiffs appeal. Affirmed.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for appellants.

Wagstaff & Wagstaff, of Abilene, and Thomas & Pope, of Anson, for appellee.

HARPER, C. J. Appellants instituted this suit against appellees for damages by fire in the sum of $8,223.08, to a stock of goods, furniture, and fixtures, alleged to have been set out by the negligence of defendants.

A substantial statement of plaintiffs pleading we copy from appellants' brief as follows:

"Plaintiffs allege, as ground of negligence, a general allegation as to negligence as against the defendants, and further that it failed to install and equip properly their lines, wires, appurtenances, and connections used for the transportation and distribution of electric current in Hamlin, Tex., and to the plaintiff, knowing that a dangerous agency would be used over, through, and in connection therewith, which said dangerous agency required the highest degree of care in the installation and equipment of such lines, wires, appurtenances, and connections, and further that the defendant negligently failed to keep in repair the lines, wires, appurtenances, and connections designed and used to distribute this dangerous agency, that is, electricity in Hamlin, Tex., and to the plaintiffs, knowing that the highest degree of care was required to keep same from setting fire to property and the further ground of negligence that the defendants and their servants and employees did not exercise the proper degree of care in inspecting and keeping in repair, the plant or wires and appurtenances and connections that the defendant used and designed to distribute this dangerous element in Hamlin, Tex., and to the plaintiff, knowing that the highest degree of care was required to keep same from injuring and damaging property. The defendants answered by general denial and that the fire was not the proximate result of their negligence, but that the damage probably resulted from defective wiring in the building, said wiring being placed therein by some one other than the defendants and over which the defendants had no control."

The cause was submitted upon special issues, and, upon the verdict, judgment was rendered for defendants. From which it is here upon appeal for review.

The special issues and answers thereto applicable to the propositions presented are:

1. "Did the fire that originated in the building and that damaged plaintiffs' goods originate by reason of an electric current? Yes."

2. "Did the fire originate by reason of an excessive amount of electric current? Yes."

3. "If you answer special issue No. 2 in the affirmative, then did an excessive amount of electric current go into the building because of the negligence of defendants or either of them? No."

5. "Was the fire caused by improper wiring inside the building? No."

Special No. 4, requested by plaintiffs:

"If you should find that the fire was started by an excess or overload of electricity entering the building where plaintiffs store was, then state whether such occurrence was due to the failure of the defendant Hamlin Light, Ice & Power Company to use that high degree of care which a person of the highest degree of prudence would use under the same or similar circumstances in failing to inspect and keep in repair the plant or lines or wires or appurtenances or connections over or through which current was supplied to the building where plaintiffs carried on their business? Answer: Yes."

[1] Taking up the propositions in the order thought to be most logical: The third is that—

"the court erred in special issue No. 3, copied above, as to whether or not an excessive amount of electricity went into the building because of the negligence of one or both of the defendants, in that, the court defines negligence in the charge as a failure to use the highest degree of care that a very prudent person would use under the same or similar circumstances, but does not anywhere submit the question of the presumption of negligence which would arise upon the finding that the cause of the fire was an excessive amount of electricity."

The fifth, seventh, and eighth propositions are to the same point, and by them the appellant seeks to have us apply the doctrine

of "res ipsa loquitur," but this is not a case to which this rule applies; for the plaintiff, having specifically alleged the acts of defendant's negligence, cannot make up a prima facie case without proof of actionable negligence, and confined to the acts of negligence which it has averred. Lone Star Br. Co. v. Willie, 52 Tex. Civ. App. 550, 114 S. W. 186.

[2] The fourth is:

"The trial court erred in giving in charge to the jury, the third special issue on the question of negligence, in that the plaintiff alleges several grounds of negligence in the petition and the submission of the general question of negligence in one question in covering the several special grounds of negligence alleged by the plaintiffs, is improper."

[3, 4] This charge is not error from plaintiff's viewpoint, for the reason that this question is so framed as to permit the jury to find for it upon any ground of negligence proved, whether pleaded or not. But if it be subject to the criticism suggested by appellant, it was certainly cured by giving special No. 4, requested by appellant, copied above. And again this case, having been submitted upon special issues, the rule as to affirmative submission of each group of facts to the jury does not apply. Ry. Co. v. Dawson (Tex. Civ. App.) 201 S. W. 247.

[5] By the sixth it is urged that the answer to the plaintiffs' fourth requested issue, that the overload of electricity did not enter the building as a result of the negligence of the defendant, is so against the weight and preponderance of the evidence that the verdict must be set aside, in that the jury, having found that the fire was caused by an overload of electricity entering the building, such finding created a presumption of negligence in said particulars which the defendant must rebut by some testimony, and there is no testimony in the record rebutting such presumption, so that such finding is not supported by the evidence. As held above, there is no evidentiary presumption in this case. Nor could a presumption of negligence in permitting the overload of electricity to enter the building be predicated upon the finding that it did so enter.

Appellants' evidence of negligence is largely, if not wholly, circumstantial, and the jury could have given it such weight as that it would constitute a prima facie case for plaintiff, but we are not prepared to hold that these circumstances, which must be relied upon by plaintiff to prove one or more of the specific grounds of negligence pleaded, constitute such proof as a matter of law but, on the other hand, think that it was within the province of the jury to discard it in toto, or in weighing it could properly have found that it was not sufficient in their judgment to predicate a verdict in favor of plaintiff upon in these respects.

[6] The observations next above apply to the first and second propositions, also the ninth:

"The court erred in refusing the plaintiffs' second requested issue, wherein the jury were requested to find, if they should find that the fire was caused by an overload of electricity, upon the issue whether the same was due to the failure of the defendant Hamlin Light Company to use the highest degree of care in installing and equipping the plant, lines, wires, connections, etc., which furnished current into the building in which plaintiffs carried on their business, for the reason that plaintiff alleges that such failure to use such degree of care in such installation and equipment, is a ground of negligence against the defendants and supported such plea by the testimony of the witness Gill, to the effect that a properly installed and equipped system could not set out a fire, so that such issue being raised by the pleadings and the evidence was required to be submitted."

This was not error because sufficiently covered by the other issues submitted.

The tenth proposition is substantially to the same effect, and is overruled for the same reason.

Affirmed.