**TEXAS & PAC. RY. CO. v. ROBERTS.**

No. 14596.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 17, 1943.

Rehearing Denied Jan. 21, 1944.

Samuels, Brown, Herman & Brown, of Fort Worth, for appellant.

Marvin B. Simpson and Robert Harrison, both of Fort Worth, for appellee.

McDONALD, Chief Justice.

Plaintiff, G. A. Roberts, the appellee here, was employed as a switchman on defendant's railroad. On the occasion in question he was sent to assist in the movement of eight or ten cars then standing in defendant's yards in the City of Fort Worth. One of the cars was an empty refrigerator car, which belonged to Armour & Co. At each corner of said car was an ice well. The opening of the well was on top of the car. For each of such openings there were two covers. The inside cover, referred to as a "plug", was approximately 30 by 36 inches in size, and about four inches thick. The outside cover was approximately the same size, but not as thick. On the occasion in question, the outside cover was in its proper place over the ice well, but the inside cover, instead of being in its proper place, was lying on

top of the outside cover. Plaintiff went up on the car to release the hand brake. He then started toward the corner of the car in order to climb down a ladder to the ground. As he did so, he stepped on the inside hatch cover, or plug. The plug skidded toward the edge of the car, and plaintiff fell off the car to the ground.

The jury found that defendant was negligent "in allowing the ventilator plug to be in the position it was at the time of the occasion in question", and that such negligence was a proximate cause of plaintiff's injury. The jury also found that defendant was negligent in failing to have the ventilator plug fastened, and that such negligence was a proximate cause of plaintiff's injury. The jury found in favor of plaintiff on the several issues of contributory negligence submitted to them.

Defendant's points of error raise the following questions: Whether the undisputed evidence shows contributory negligence on the part of plaintiff as a matter of law. Whether there is any evidence of negligence on the part of defendant. Excessiveness of the verdict.

■ Plaintiff testified that he saw the plug, out of its usual place, before he stepped on it. He testified that he had stepped on hundreds of them before without having had one skid out from under him. Defendant argues that if it was not contributory negligence on the part of plaintiff to step on the plug, lying out in open view, then it could not have been negligence for the defendant to leave it in that position. Defendant also puts the converse of such proposition, that if it was negligence for defendant to leave the plug in such position, then it was negligence for plaintiff to step on it when he saw it. It is our opinion that the contentions just made cannot be sustained. To establish contributory negligence on the part of the servant, it is not enough to show that he was familiar with the situation. It is necessary to show that he knew, or should have known, of the danger in the situation. The distinction is fully discussed in such cases as Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Tex. 19; Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Tex. 72, 33 S.W. 334; and Peck v. Peck, 99 Tex. 10, 87 S.W. 248. In the same cases it is said that the servant has the right to rely upon the assumption that the master has furnished him with appliances that are reasonably safe, and that he is not required to use ordinary care to see that such has been done. In the present case the jury could reasonably have concluded, especially in view of the fact that plaintiff had often stepped on such plugs without having them slip out from under him, that he was not negligent in doing so upon the occasion in question. They may have also concluded that the master had better opportunity of knowing the danger in leaving such plugs out of their proper place.

■ The more difficult question is whether there is any evidence to show negligence on the part of the defendant. After carefully examining the evidence, and after comparing it with that in the many cases cited by the parties (and other cases as well), we have come to the conclusion that plaintiff has done no more than show that a dangerous condition existed, and that there is no evidence to show, or to support an inference, that the dangerous condition was brought about by any negligence of the defendant.

The evidence does not show that any of defendant's employees misplaced the plug. It does not show how long the car had been under defendant's control. It does not show that there had been no inspection, nor does it show that defendant had had a reasonable time in which to make an inspection. It does not show that defendant knew of the situation, or that it had existed for such length of time as that in the exercise of ordinary care the defendant should have known of the situation. Without repeating what is said in them, we refer to the opinions in the following cases as being in support of our views. Missouri, K. & T. Ry. Co. v. Jones, 103 Tex. 187, 125 S.W. 309; Texas & Pacific Coal Co. v. Kowsikowsiki, 103 Tex. 173, 125 S.W. 3; Texas & Pacific Ry. Co. v. Endsley, 103 Tex. 434, 129 S.W. 342; Marshall & E. T. Ry. Co. v. Crabb, Tex.Civ.App., 136 S.W. 825, writ of error denied; Houston, E. & W. T. Ry. Co. v. Hickman, Tex.Civ.App., 207 S.W. 550, writ of error refused; Ortiz v. El Paso Electric Co., Tex.Civ.App., 126 S.W.2d 515.

Plaintiff contends that the circumstances are sufficient to warrant an inference of negligence without any direct proof thereof, especially in view of the fact that defendant did not offer any proof to rebut such an inference. Plaintiff cites McCray v. G., H. & S. A. Ry. Co., 89 Tex. 168, 34 S.W. 95; Texas & Pacific Ry. Co. v. Greene, Tex.Com.App., 299 S.W. 639; and

Billingsley v. Texas & N. O. R. Co., 131 Tex. 410, 115 S.W.2d 398. The cases cited are, we believe, distinguishable from the case before us. In the McCray case the plaintiff was killed by a steel rail falling from a flat car. It was shown that the rails were loaded onto the car by the defendant's employees, and evidence was offered to show that the rails would not, if properly loaded, have fallen off. In the Greene case a train was made up in Fort Worth, and was inspected before it started out. After the train had proceeded only a few hundred feet, the plaintiff was struck by a door of one of the cars swinging out. It was held that these circumstances furnished some evidence that the door was loose or unfastened when the train crew made the inspection. The Billingsley case was also one where a swinging door struck a person standing near the track. The Billingsley opinion, if standing alone, might tend to support plaintiff's contentions, but it does not, as we read it, indicate an intention on the part of the Supreme Court to overturn the many prior decisions of that court and of the Courts of Civil Appeals, some of which are cited above. The reference to the train as a "previously made up through freight train" indicates that the court considered that the train had been in the custody and control of the defendant such a length of time as would justify a conclusion that the operation of the train with the door swinging open was due to some negligence of the defendant.

Nor is there any evidence to support the findings to the effect that defendant was negligent in not having the plug fastened, and that such negligence was a proximate cause of plaintiff's fall. The only evidence pertaining to such matter is that the plug was supposed to be fastened to the car with a light chain, about six feet long. The only purpose of having such chain was to provide a means for removing the plug from the ice well if it should fall into it. There is nothing in the evidence which even hints that the chain was intended to prevent the plug from skidding if some one should step on it, or to provide a person in such a situation with something to hold onto in order that he might not fall to the ground.

The views expressed render it unnecessary to pass upon the assignment complaining of the excessiveness of the verdict.

There being no evidence to show negligence on the part of the defendant, the judgment of the trial court is reversed, and judgment is here rendered for the defendant.