COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-417-CV

ARNETT H. HUNTER APPELLANT

F/K/A ARNETT H. HAKE

V.

BURLINGTON NORTHERN AND APPELLEE

SANTA FE RAILWAY COMPANY

------------

FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Arnett H. Hunter appeals from the trial court’s grant of summary judgment in favor of her employer Appellee Burlington Northern and Santa Fe Railway Company (“BNSF”).  In a single issue, Appellant complains that the trial court erred in granting BNSF summary judgment on her claim.  We affirm. 

II.  Factual and Procedural Background 
 

Appellant sued BNSF under the Federal Employees’ Liability Act (“FELA”) after she slipped on an unknown object while climbing a flight of stairs at BNSF’s Fort Worth dispatching facility.  In her petition, Appellant alleged, among other things, that BNSF failed to (1) provide her with a safe place to work, (2) properly inspect its stairwells, and (3) properly maintain, clear, and inspect its pathways.  BNSF filed a combined no-evidence and traditional motion for summary judgment asserting that it was entitled to judgment as a matter of law because it had no actual or constructive knowledge of the alleged hazardous condition prior to Appellant’s fall.  In support of its motion for summary judgment, BNSF filed Appellant’s deposition transcript as well as affidavits from numerous BNSF employees.  Appellant filed a response to the motion but attached no summary judgment evidence.  The trial court granted summary judgment in favor of BNSF. 

III.  Standard of Review 

In a traditional summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Sw. Elec. Power Co., 
73 S.W.3d at 215.

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.
  IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason
,
 
143 S.W.3d 794, 798 (Tex. 2004).
  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant.  
Centeq Realty, Inc. v. Siegler
, 899 S.W.2d 195, 197 (Tex. 1995).  
When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.
  Valence Operating Co. v. Dorsett
, 164 S.W.3d 656, 661 (Tex. 2005).
  
Evidence that favors the movant’s position will not be considered unless it is uncontroverted.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965). 
 

Additionally, after an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for a no-evidence summary judgment on the ground that there is no evidence to support an essential element of the nonmovant’s claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.
; 
Johnson v. Brewer & Pritchard, P.C.
, 73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
Sw. Elec. Power Co. v. Grant
, 73 S.W.3d 211, 215 (Tex. 2002).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.  
Sudan v. Sudan
,  199 S.W.3d 291, 292 (Tex. 2006).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).  Because BNSF 
moved for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court’s judgment under the standards of rule 166a(i).  
Ford Motor Co. v. Ridgway
, 135 S.W.3d 598, 600 (Tex. 2004).  If Appellant failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether BNSF’s summary judgment proof satisfied the rule 166a(c) burden.  
Id.
 

IV.  Actual and Constructive Knowledge

Under the FELA, railroads that engage in interstate commerce are liable in damages to their employees for injury or death resulting in whole or in part from the negligence of the railroad’s employees or defects in its equipment.  45 U.S.C.A. § 51 (2000).  However, the FELA does not make a railroad an absolute insurer against the injuries its employees suffer.  
Wilkerson v. McCarthy
, 336 U.S. 53, 61, 69 S. Ct. 413, 417 (1949).  To prevail on an FELA claim, a plaintiff must show that the defendant railroad did not use reasonable care under the circumstances. 
 Union Pac. R.R. Co. v. Williams, 
85 S.W.3d 162, 165-66 (Tex. 2002); 
see Davis v. Burlington N., Inc.
, 541 F.2d 182, 185 (8th Cir. 1976).  The standard of care that a railroad must meet “must be commensurate to the dangers of the business.”  
Wilkerson, 
336 U.S. at 61, 69 S. Ct. at 417 
(quoting 
Tiller v. Atl. Coast Line R.R. Co.
, 318 U.S. 54, 67, 63 S. Ct. 444, 451 (1943)).  Thus, an “essential ingredient” of the defendant’s duty to use reasonable care is whether the railroad could have reasonably foreseen the harm suffered.  
See Gallick v. Baltimore & Ohio R.R. Co.
, 372 U.S. 108, 117, 83 S. Ct. 659, 665 (1963); 
Inman v. Baltimore & O.R. Co.
, 361 U.S. 138, 140, 80 S. Ct. 242, 243 (1959).  

To establish a duty in this case, Appellant was required to offer summary judgment evidence raising a genuine issue of material fact as to whether BNSF had actual or constructive knowledge of the presence of the unknown object on the stairway prior to her fall.  
See Gallose v. Long Island R. Co.
, 878 F.2d 80, 85 (2nd Cir. 1989) (holding that “the catalyst which ignites [an FELA defendant’s] duty is knowledge, either actual or constructive”); 
Nivens v. St. Louis Sw. Ry. Co., 
425 F.2d 114, 118 (5th Cir. 1970).  Appellant could satisfy this burden by offering summary judgment evidence raising a fact issue as to whether (1) a BNSF employee, acting within the course and scope of his or her employment, either intentionally or negligently placed or dropped the object on the stairs, (2) BNSF knew of the object’s presence on the stairs prior to Appellant’s fall, or (3) the object remained on the stairway long enough that in the exercise of ordinary care BNSF should have discovered it.  
See Hopson v. Gulf Oil Corp.,
 150 Tex. 1, 8, 237 S.W.2d 352, 357 (1951) (applying standard to action under the Jones Act); 
Mo., Kan. & Tex. Ry. Co. of Tex. v. Jones, 
103 Tex. 187, 190, 125 S.W. 309, 310 (1910).   

Here, Appellant produced no summary judgment evidence that a BNSF employee placed or dropped the object on the stairs, that BNSF possessed actual knowledge of the object being on the stairway prior to Appellant’s fall, or that the object remained on the stairs long enough that BNSF, through the exercise of ordinary care, should have discovered it.  Appellant has not produced any evidence indicating how the object got on the stairs or how long it had been there.  Although Appellant testified in her deposition that “months prior to [her] accident” she found a banana peel on the same stairway and reported it to her supervisor, this in no way demonstrates that BNSF knew or should have known that the object upon which Appellant slipped was on the stairway on the day in question.  Therefore, because Appellant failed to produce more than a scintilla of probative evidence raising a genuine issue of material fact as to whether BNSF had actual or constructive knowledge of the alleged dangerous condition, we hold that the trial court did not err in granting a no-evidence summary judgment in favor of BNSF.  Accordingly, we overrule Appellant’s sole issue.  

V.  Conclusion

We affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, WALKER, JJ.

DELIVERED: August 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.