COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-417-CV

 

 

ARNETT H. HUNTER                                                            APPELLANT

F/K/A
ARNETT H. HAKE

 

                                                   V.

 

BURLINGTON NORTHERN AND                                                 APPELLEE

SANTA
FE RAILWAY COMPANY

 

                                              ------------

 

           FROM
THE 141ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                          I.  Introduction








Appellant Arnett H. Hunter
appeals from the trial court=s grant of summary judgment in favor of her employer Appellee
Burlington Northern and Santa Fe Railway Company (ABNSF@).  In a single issue, Appellant complains that
the trial court erred in granting BNSF summary judgment on her claim.  We affirm. 

                          II. 
Factual and Procedural Background  

Appellant sued BNSF under the
Federal Employees= Liability
Act (AFELA@) after she
slipped on an unknown object while climbing a flight of stairs at BNSF=s Fort Worth dispatching facility. 
In her petition, Appellant alleged, among other things, that BNSF failed
to (1) provide her with a safe place to work, (2) properly inspect its
stairwells, and (3) properly maintain, clear, and inspect its pathways.  BNSF filed a combined no‑evidence and
traditional motion for summary judgment asserting that it was entitled to
judgment as a matter of law because it had no actual or constructive knowledge
of the alleged hazardous condition prior to Appellant=s fall.  In support of its
motion for summary judgment, BNSF filed Appellant=s deposition transcript as well as affidavits from numerous BNSF employees.  Appellant filed a response to the motion but
attached no summary judgment evidence. 
The trial court granted summary judgment in favor of BNSF. 

                                    III.  Standard of Review 








In a traditional summary
judgment case, the issue on appeal is whether the movant met the summary
judgment burden by establishing that no genuine issue of material fact exists
and that the movant is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211,
215 (Tex. 2002); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex. 1979).  The burden of
proof is on the movant, and all doubts about the existence of a genuine issue
of material fact are resolved against the movant.  Sw. Elec. Power Co., 73 S.W.3d at 215.

A defendant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.  IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143 S.W.3d
794, 798 (Tex. 2004).  Once the defendant
produces sufficient evidence to establish the right to summary judgment, the
burden shifts to the plaintiff to come forward with competent controverting
evidence raising a genuine issue of material fact with regard to the element
challenged by the defendant.  Centeq
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.  Valence Operating
Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant=s position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).  








Additionally, after an
adequate time for discovery, the party without the burden of proof may, without
presenting evidence, move for a no-evidence summary judgment on the ground that
there is no evidence to support an essential element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence. 
Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d
193, 207 (Tex. 2002).  The trial court
must grant the motion unless the nonmovant produces summary judgment evidence
that raises a genuine issue of material fact. 
See Tex. R. Civ. P.
166a(i) & cmt.; Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215
(Tex. 2002).








When reviewing a no-evidence
summary judgment, we examine the entire record in the light most favorable to
the nonmovant, indulging every reasonable inference and resolving any doubts
against the motion.  Sudan v. Sudan,  199 S.W.3d 291, 292 (Tex. 2006).  If the nonmovant brings forward more than a
scintilla of probative evidence that raises a genuine issue of material fact,
then a no-evidence summary judgment is not proper.  Moore v. K Mart Corp., 981 S.W.2d 266,
269 (Tex. App.CSan Antonio
1998, pet. denied).  Because BNSF moved
for summary judgment under both rules 166a(c) and 166a(i), we will first review
the trial court=s judgment
under the standards of rule 166a(i).  Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  If Appellant failed to produce more than a
scintilla of evidence under that burden, then there is no need to analyze
whether BNSF=s summary
judgment proof satisfied the rule 166a(c) burden.  Id. 

                         IV.  Actual and Constructive Knowledge

Under the FELA, railroads
that engage in interstate commerce are liable in damages to their employees for
injury or death resulting in whole or in part from the negligence of the
railroad=s employees or defects in its equipment.  45 U.S.C.A. ' 51 (2000).  However, the FELA
does not make a railroad an absolute insurer against the injuries its employees
suffer.  Wilkerson v. McCarthy,
336 U.S. 53, 61, 69 S. Ct. 413, 417 (1949). 
To prevail on an FELA claim, a plaintiff must show that the defendant
railroad did not use reasonable care under the circumstances.  Union Pac. R.R. Co. v. Williams, 85 S.W.3d
162, 165-66 (Tex. 2002); see Davis v. Burlington N., Inc., 541 F.2d 182,
185 (8th Cir. 1976).  The standard of
care that a railroad must meet Amust be commensurate to the dangers of the business.@  Wilkerson, 336 U.S. at
61, 69 S. Ct. at 417 (quoting Tiller v. Atl. Coast Line R.R. Co., 318
U.S. 54, 67, 63 S. Ct. 444, 451 (1943)). 
Thus, an Aessential
ingredient@ of the
defendant=s duty to
use reasonable care is whether the railroad could have reasonably foreseen the
harm suffered.  See Gallick v. Baltimore
& Ohio R.R. Co., 372 U.S. 108, 117, 83 S. Ct. 659, 665 (1963); Inman
v. Baltimore & O.R. Co., 361 U.S. 138, 140, 80 S. Ct. 242, 243
(1959).  








To establish a duty in this
case, Appellant was required to offer summary judgment evidence raising a
genuine issue of material fact as to whether BNSF had actual or constructive
knowledge of the presence of the unknown object on the stairway prior to her
fall.  See Gallose v. Long Island R.
Co., 878 F.2d 80, 85 (2nd Cir. 1989) (holding that Athe catalyst which ignites [an FELA defendant=s] duty is knowledge, either actual or constructive@); Nivens v. St. Louis Sw. Ry. Co., 425 F.2d 114, 118 (5th Cir.
1970).  Appellant could satisfy this
burden by offering summary judgment evidence raising a fact issue as to whether
(1) a BNSF employee, acting within the course and scope of his or her employment,
either intentionally or negligently placed or dropped the object on the stairs,
(2) BNSF knew of the object=s presence on the stairs prior to Appellant=s fall, or (3) the object remained on the stairway long enough that in
the exercise of ordinary care BNSF should have discovered it.  See Hopson v. Gulf Oil Corp., 150 Tex.
1, 8, 237 S.W.2d 352, 357 (1951) (applying standard to action under the Jones
Act); Mo., Kan. & Tex. Ry. Co. of Tex. v. Jones, 103 Tex. 187, 190,
125 S.W. 309, 310 (1910).    








Here, Appellant produced no
summary judgment evidence that a BNSF employee placed or dropped the object on
the stairs, that BNSF possessed actual knowledge of the object being on the
stairway prior to Appellant=s fall, or that the object remained on the stairs long enough that
BNSF, through the exercise of ordinary care, should have discovered it.  Appellant has not produced any evidence
indicating how the object got on the stairs or how long it had been there.  Although Appellant testified in her
deposition that Amonths prior
to [her] accident@ she found a
banana peel on the same stairway and reported it to her supervisor, this in no
way demonstrates that BNSF knew or should have known that the object upon which
Appellant slipped was on the stairway on the day in question.  Therefore, because Appellant failed to
produce more than a scintilla of probative evidence raising a genuine issue of
material fact as to whether BNSF had actual or constructive knowledge of the
alleged dangerous condition, we hold that the trial court did not err in
granting a no-evidence summary judgment in favor of BNSF.  Accordingly, we overrule Appellant=s sole issue.  

                                          V.  Conclusion

We affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   DAUPHINOT, GARDNER, WALKER, JJ.

 

DELIVERED:
August 31, 2007











[1]See Tex. R. App. P. 47.4.